124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin MEYER, Plaintiff-Appellant,
v.
BOYNE USA INC., a Michigan corporation, Defendant-Appellee.
 No. 96-35653.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 6, 1997.**
Decided Aug. 13, 1997.
 
 Appeal from the United States District Court for the District of Montana, No. CV-95-00006-PGH; Paul G. Hatfield, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the factual and procedural history, so we need not repeat it.
 
 
 3
 The district court correctly determined that Meyer had voluntarily resigned his employment with Boyne USA Inc. Montana law is clear that an employee who voluntarily quits or resigns may not maintain an action under the Montana Wrongful Discharge from Employment Act ("Act"). McCracken v. City of Chinook, 788 P.2d 892, 894 (Mont.1990).
 
 
 4
 The lone exception to this doctrine is when an employee has been "constructively discharged." A constructive discharge is defined in the Act as "the voluntary termination of employment by an employee because of a situation created by an act or omission of the employer which an objective, reasonable person would find so intolerable that voluntary termination is the only reasonable alternative." MCA § 39-2-903(1) (1995). Meyer presented virtually no evidence in opposition to summary judgment to suggest intolerable working conditions. Although we are prepared to read the facts in the light most favorable to Meyer, he has not provided any factual basis on which to find constructive discharge.
 
 
 5
 We also reject, as did the district court, Meyer's theory that his employer was under a duty to rehire him. There is no support for this alleged obligation either in the Act or in Montana common law.
 
 
 6
 Because Meyer voluntarily resigned, his cause of action fails and we need not reach the issues raised in his claim of termination in violation of public policy.
 
 
 7
 The district court appropriately granted summary judgment. Each party shall bear its own costs on appeal.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3